UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BELINDA GRIFFIN                                                    PLAINTIFF

V.                                          CIVIL ACTION NO. 3:24-CV-817-DPJ-BWR

COMMISSIONER OF SOCIAL SECURITY                                   DEFENDANT

ORDER

This Social Security case is before the Court after Plaintiff Belinda Griffin appealed the final decision of the Commissioner of the Social Security Administration (SSA) denying her application for disability insurance. Compl. [1] at 2. On January 22, 2026, United Magistrate Judge Bradley W. Rath entered a Report and Recommendation [16]. Judge Rath recommends denying Griffin's motion for summary judgment and dismissing the appeal because Griffin did not preserve the issue she now raises and, even if she had, substantial evidence supports the administrative law judge's decision. R&R [16] at 1. Although Griffin filed objections [17] to the R&R, for the reasons explained below, the Court finds that it should still be adopted.

I.      Facts and Procedural History

On January 14, 2022, Griffin filed a claim with the SSA for a period of disability. ALJ Decision [9] at 21.[1] She sought to receive disability benefits beginning on November 30, 2021. *Id.* The SSA denied Griffin's claim on July 21, 2022, and again on September 13, 2023, after Griffin sought reconsideration. *Id.* After the second denial, Griffin requested a hearing, which was held in Meridian, Mississippi, on February 15, 2024. *Id.*

ALJ Laurie Porciello presided over the proceeding and heard testimony from Griffin (represented by counsel) and from an "impartial vocational expert." *Id.* at 21. Ultimately, the

---

[1] Page numbers in this Order reflect CM/ECF numbering.

ALJ found that Griffin "has not been under a disability within the meaning of the Social Security Act" during the timeframe at issue. *Id.* Specifically, the ALJ found that despite some severe physical impairments, Griffin was still able to perform her past relevant work as it is "generally performed" in the national economy. *Id.* at 41 (discussing "step four" finding). Griffin appealed, and the SSA's Appeals Counsel denied her request for review. Notice [9] at 5–7. Having exhausted her administrative remedies, Griffin filed this 42 U.S.C § 405(g) appeal on December 19, 2024. *See* Compl. [1] at 1.

Griffin moved for summary judgment on April 21, 2025, arguing that the ALJ's decision was not supported by substantial evidence. *See* Mot. [10]; Pl.'s Mem. [11] at 1. The Commissioner responded in opposition [14], and Griffin filed a rebuttal brief [15]. Judge Rath entered the R&R [16] on January 22, 2026, and Griffin timely objected [17]. Time for response has passed, so the briefing is closed.

II.     Standard

Title 28 U.S.C. § 636(b)(1)(C) governs R&Rs. It requires the Court to "make a de novo determination of those portions of the [R&R] or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). The Court's review must be limited to "those issues to which an objection is made," *Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991), and the Court need not "reiterate the findings and conclusions of the magistrate judge," *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

The standard of review in Social Security appeals is narrow: the court asks only whether "(1) the final decision is supported by substantial evidence and (2) . . . the Commissioner used

the proper legal standards to evaluate the evidence." *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021). "Substantial evidence is merely enough that a reasonable mind could arrive at the same decision; though the evidence must be more than a scintilla[,] it need not be a preponderance." *Id*. (alteration in original) (internal quotation marks omitted) (quoting *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012)).

III.    Analysis

Social Security claims follow a five-step sequential analysis. The dispute in this case comes at step four. At that stage, the Commissioner considers "whether the claimant can still do [her] 'past relevant work.'" *Webster*, 19 F.4th at 718 (quoting 20 C.F.R. § 404.1520(a)(4) (2026)). If the claimant is still able to perform her past relevant work, the Commissioner will not find her to be disabled within the meaning of the Social Security Act. *See Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

Critically, "[t]he mere inability of a claimant to perform certain 'requirements of [her] past job does not mean that [she] is unable to perform "past relevant work" as that phrase is used in the regulations.'" *Id.* (quoting *Jones v. Bowen*, 829 F.2d 524, 527 n.2 (5th Cir. 1987). That's because past relevant work can refer to the job "either as the claimant actually performed it or as generally performed in the national economy." 20 C.F.R. § 404.1560(b)(2) (2026). And when making this determination, the "*Dictionary of Occupational Titles* (DOT) descriptions can be relied upon . . . to define the job." *Titles II & XVI: Past Relevant Work—The Particular Job or the Occupation as Generally Performed*, Soc. Sec. R. 82-61, 1982 WL 31387, at *2 (S.S.A. 1982).

There is, however, an exception. When the past relevant work is a "composite job[]"—a job that has "significant elements of two or more occupations"—it has no counterpart in the

3

DOT. *Id.* "Such situations will be evaluated according to the particular facts of each individual case." *Id.* In other words, the job is not evaluated "as it is *usually* performed in the national economy." *Id.*

Following the appropriate steps, the ALJ held that Griffin had "severe impairments of lumbar spondylosis, psoriatic arthritis, and obesity, and other nonsevere conditions, but retained the residual functional capacity (RFC) to perform her previous job as a loan clerk, a sedentary and semi-skilled occupation coded as 205.367-022 in Dictionary of Occupational Titles (DOT)." R&R [16] at 2; *see also* ALJ Decision [9] at 40–41. Thus, though her past relevant work as "actually performed" required more exertion, the ALJ found that Griffin was "able to perform [her role] as generally performed." ALJ Decision [9] at 41.

Griffin argues on appeal that the loan-clerk classification was error because she worked a composite job. Pl.'s Mem. [11] at 8. She also says the loan-clerk classification was not supported by the evidence. *Id*. at 8–9. Judge Rath fully considered those arguments and concluded that Griffin waived the composite-job theory by failing to raise it during the hearing. R&R [16] at 6. Alternatively, he recommends affirming the decision on the merits. *Id.* at 10. Griffin objects to both conclusions. Obj. [17] at 1, 3. The Court will address each objection in turn.

### A.    Failure to Preserve

During the administrative hearing, the vocational expert testified that Griffin's past relevant work was as a loan clerk. *See, e.g.*, Tr. [9] at 74. Griffin disagreed, pressing the expert and the ALJ to consider the customer-service classification. *See, e.g., id.* at 81. There is no dispute that she never argued during the hearing that her position was a composite job as she now

advances.  Obj. [17] at 2 (conceding that "no explicit argument for composite job classification was made during the ALJ hearing").

As Judge Rath notes, "Challenging vocational evidence has long been one of the few areas the Federal Courts have applied issue preclusion if not raised at the hearing."  R&R [16] at 7 (cleaned up) (quoting Soc. Sec. Disability Claims Handbook § 6:4).  Accordingly, "[i]t is the responsibility of Plaintiff to press any disagreement of the characterization of [her past relevant work] as a non-composite job on cross-examination."  *Rosamond v. Comm'r*, No. 1:22-CV-97-JMV, 2023 WL 3222797, at *4 (N.D. Miss. May 3, 2023); *Villa v. Sullivan*, 895 F.2d 1019, 1023 (5th Cir. 1990) (noting "it is an applicant's burden to prove an inability to perform former work"); *see also Baines v. Kijakazi*, No. 4:21-CV-86-DMB-JMV, 2022 WL 2057735, at *4 (N.D. Miss. June 7, 2022) (finding composite-job argument precluded because "neither Plaintiff nor her attorney raised this theory during the administrative hearing"), *quoted in* R&R [16] at 8.

Judge Rath relied on *Rosamond* and *Baines*, but Griffin says those cases are distinguishable for two reasons.  Obj. [17] at 1.  First, unlike those cases, she raised the composite-job argument in a post-hearing letter to the ALJ.  Letter [9] at 322.  Second, Griffin asserted "significant argument[s] during the ALJ hearing . . . as to why Plaintiff's past relevant work should be classified one way instead of another."  Obj. [17] at 2.

***Post-hearing letter.***  Factually, this is true.  The day after the hearing, Griffin's counsel sent a letter to the ALJ reiterating the claim that Griffin's past relevant work should be classified as a customer-service representative.  *See* Letter [9] at 322.  But the letter alternatively argued that if not a customer-service representative, then her job was a composite of two jobs— customer-service representative (DOT#205.362-026) and administrative clerk (DOT#219.362-010).  *Id.* at 322–23.  The question is whether she waited too long to assert this theory.

5

The Court agrees that she did.  Because Griffin did not make this argument at the hearing, she failed to "press any disagreement [with the vocational expert] . . . on cross-examination." *Rosamond*, 2023 WL 3222797, at *4.  Both *Rosamond* and *Baines* stress the importance of raising such arguments during the administrative hearing.  *See id.*; *see also Baines*, 2022 WL 2057735, at *4 (emphasizing no composite job argument was made "during" the hearing).  As "a number of district courts within the Fifth Circuit have held" a claimant "who disagrees with the [vocational expert's] characterization of her [past relevant work] is obligated to raise that issue and press it on cross-examination or else the issue is waived."  *Bailey v. Comm'r*, No. 4:19-CV-168-RP, 2020 WL 4318761, at *2 (N.D. Miss. July 27, 2020) (collecting cases); *see also* Soc. Sec. Disability Claims Handbook § 6:4.  These holdings are sound because raising the issue during the hearing allows the ALJ to explore any disputes with the witnesses.

Even assuming a post-hearing letter could properly preserve the issue, Griffin is not making the same argument on appeal that she presented to the ALJ.  As Judge Rath noted, the post-hearing letter suggested that the job was a composite of customer-service representative (DOT#205.362-026) and **administrative clerk** (DOT#219.362-010).  *See* Letter [9] at 322–23. On appeal, Griffin argues that the job was a composite of customer-service representative and **loan clerk** (DOT#205.367-022).  Thus, the ALJ never had an opportunity to consider Griffin's appellate argument.  For these reasons, Griffin's post-hearing letter does not preserve the issue.

***Hearing questions.***  According to Griffin, the composite-job issue was preserved because her attorney made "significant argument[s] during the ALJ hearing . . . as to why Plaintiff's past relevant work should be classified one way instead of another."  Obj. [17] at 2.  This refers to his efforts to convince the vocational expert and ALJ that her work should have been classified as a

6

customer-service representative (DOT 205.362-026) instead of loan clerk (DOT 205.367-022). *See* Tr. [9] at 80–83.

Again, Griffin concedes that "no explicit argument for composite[-]job classification was made during the ALJ hearing." Obj. [17] at 2. And arguing that she should have been classified as a customer-service representative is not the same as making the composite-job argument Griffin now asserts. *See id.* As Judge Rath noted, "[t]he term 'composite job' was never mentioned at the administrative hearing." R&R [16] at 10.

In sum, this objection does not disturb Judge Rath's well-reasoned conclusion. *Id.* at 1. Griffin failed to preserve this issue for appeal and thus cannot assert it in this proceeding.

B.      Supported by Substantial Evidence

Griffin also objects to Judge Rath's alternative conclusion that the ALJ's decision is supported by substantial evidence. *Id.* at 10–11; Obj. [17] at 3. To start, she says the vocational expert "fails to identify this job as a composite job" and that her testimony "is insufficient to support the ALJ's ultimate finding" that her past relevant work was that of a loan clerk. Obj. [17] at 3. She also notes that "judicial review is hampered by the ALJ's failure to discuss the matter of composite jobs." *Id.*

***Whether evidence supported the classification.*** The ALJ classified Griffin's past relevant work based on testimony from a vocational expert. It is well established that an ALJ may consult a vocational expert "to determine the proper characterization of a claimant's past work." *Holland v. Colvin*, No. 3:14-CV-2964-K-BH, 2015 WL 5437727, at *11 (N.D. Tex. Aug. 31, 2015), *report and recommendation adopted*, 2015 WL 5439051 (N.D. Tex. Sept. 15, 2015), *aff'd*, 652 F. App'x 266 (5th Cir. 2016); *see Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986) ("The value of a vocational expert is that he is familiar with the specific requirements of a

particular occupation, including working conditions and the attributes and skills needed."). Once an ALJ hears from a vocational expert, "the ALJ may rely upon [that] testimony provided that the record reflects an adequate basis for doing so." *Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000).

The vocational expert here considered several possible classifications for Griffin's past relevant work, including loan clerk (DOT 205.367-022) and customer-service representative (DOT 205.362-026). Tr. [9] at 74. The expert also questioned Griffin and spoke at length about the basis for the loan-clerk classification. *See id.* at 74–78. Ultimately, the expert concluded that the loan-clerk position was more appropriate because the customer-service position "is more for a banking position." *Id.* at 82. By Griffin's own admission, she was not in a banking position. *Id.* at 74 ("And this is not a banking service? . . . No ma'am."). The ALJ credited that testimony and found the vocational expert's "explanation as to the basis of her knowledge sufficient." ALJ Decision [9] at 41.

That finding is supported by substantial evidence, and "[t]his court may not reweigh the evidence or try the issues de novo." *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). While the Court understands Griffin's factual argument, if conflicting evidence exists, these "[c]onflicts . . . are for the Secretary and not the courts to resolve." *Id.* (quoting *Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983)). Indeed, as Judge Rath observed, Griffin provides no authority permitting this Court to "reevaluate the weight that the ALJ gave to the vocational expert's testimony." R&R [16] at 11. So, while Griffin correctly asserts the expert classified her past relevant work as a loan clerk rather than a composite job, Griffin has not shown that the ALJ lacked an "adequate basis" to rely on the expert's testimony. *Carey*, 230 F.3d at 146.

***Whether the ALJ considered a composite-job classification.***  Griffin agues that there is no need to re-weigh the evidence "because judicial review is hampered by the ALJ's failure to discuss the matter of composite jobs."  Obj. [17] at 3.  But what hampered review is her failure to raise this issue sooner.  The Fifth Circuit has cautioned that Social Security claimants

> should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing.

*Carey*, 230 F.3d at 146–47.

Griffin did not assert the composite-job argument at the administrative hearing.  She now claims the ALJ's opinion cannot be upheld because it does not address the very issue she failed to raise.  Obj. [17] at 3.  This argument remains unavailing, and the Court will not reweigh the evidence.  Accordingly, [t]he Court agrees with Judge Rath that the composite-job issue was waived and alternatively that "[t]he ALJ's decision was reasonably drawn from the record and fell within her discretion."  R&R [16] at 13; *see Leggett*, 67 F.3d at 564 (noting "great deference" afforded to SSA's decision).

IV.    Conclusion

The Court has considered all arguments.  Those not specifically addressed would not have changed the outcome.  The Report and Recommendation [16] of United States Magistrate Judge Bradley W. Rath is adopted as the finding and holding of the Court.  Consistent with the R&R, Griffin's motion for summary judgment [10] is denied with prejudice.  The finding of the ALJ is affirmed.  A separate judgment will be entered in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 17th day of March, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE